UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER SLAGHT, JEFFREY MEGIE, JR and STEVEN SMITH, individually and on behalf of all similarly situated persons,

    Plaintiffs,

v.

REX PERFORMANCE PRODUCTS, LLC, f/k/a MICHIGAN FOAM AND FABRICATION, a Michigan Limited Liability Company, MAXWELL MORGAN, LLC, a Nebraska Limited Liability Company, DON TATE, an individual, REX HANSEN, an individual, and JOHN BALLINGER, an individual, jointly and severally,

    Defendants.

Case No. 16-cv-10159
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

On January 18, 2016, Plaintiff filed a collective/class action lawsuit (the "Litigation") against the Defendants Rex Performance Products, LLC, f/k/a Michigan Foam and Fabrication, Maxwell Morgan, LLC, Don Tate, Rex Hansen, and John Ballinger (collectively "Defendants") alleging they violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §201, et seq. and for breach of contract for failure to pay compensation for all time worked.

1

After filing a Motion for Conditional FLSA Certification, Plaintiffs and Defendants agreed to engage in extensive settlement discussions and discovery to determine whether a consensual resolution for the litigation could be reached.

In late June/early July 2017, the parties reached a class-wide settlement of $125,000, which the Court preliminarily approved on September 15, 2017. (Doc. 26, "Preliminary Approval Order"). The terms of the agreement are memorialized in the parties' Settlement Agreement. (Doc. 25-1). The parties had also filed and fully briefed Plaintiff's Motion for 216(b) Conditional Certification (Dkt. 14). The Parties dismissed the pending motion once they were involved in settlement negotiations. (Dkt. 23).

The Preliminary Approval Order: (1) approved of the parties' FLSA settlement; (2) certified a Michigan Rule 23 Class for settlement purposes; (3) appointed Kevin J. Stoops of Sommers Schwartz, P.C. and Brian Delekta of Delekta & Delekta P.C. as Class Counsel and Christopher Slaght, Jeffery Megie, Jr., and Steven Smith as the Class Representative; (4) approved of the parties' proposed settlement notices; (5) approved of the parties' proposed class action settlement procedure; and (6) scheduled a fairness hearing after the close of the settlement notice period. (Doc. 26).

Following the Court's Preliminary Approval Order, the court-approved Settlement Administrator sent the settlement notice to 199 Settlement Class

Members on September 27, 2017. The notice informed the Class Members of the total amount of the Settlement, how to request exclusion from the Settlement, and how to object to the Settlement. It further stated Class Counsel's intention to seek incentive awards for Mr. Slaght, Mr. Megie, Jr., and Mr. Smith, attorneys' fees and costs, including the specific amounts requested. Two (2) individuals requested to be excluded from the settlement and zero (0) individuals objected to the settlement.[1] A total of 196 individuals will participate in the settlement.

On November 6, 2017, Plaintiffs filed their Motion for Final Settlement Approval and Approval of Attorneys' Fees, Costs, and Class Representative Awards. Defendants did not oppose the motion. The Court held a final fairness hearing on November 20, 2017

Having considered the Motion for Final Approval, the supporting memoranda, and the complete record in this matter, and for good cause shown:

1. The Court hereby **GRANTS** the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement under Rule 23 and the FLSA. The Court, for purposes of this Order, adopts all defined terms set forth

---

[1] The Court's September 15, 2017 Preliminary Approval Order stated: "Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from this Court" (Doc. 26 at Pg ID 311).

in the Settlement Agreement. The Court finds that the settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012) (citation omitted). The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes and further finds that the Class has at all times been adequately represented by the Class Representative and Class Counsel. The notice approved by the Court was provided by first class mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the notice to those individuals whose original notices were returned as undeliverable. The notice adequately described all of the relevant and necessary parts of the proposed Settlement, and Class Counsel's motion for an award of attorneys' fees and costs. The Court finds that the notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members. The Court concludes that the reaction from the Class can only be described as positive.

2. The Court also concludes that the Settlement, as set forth in the Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. The Court finds that the uncertainty and delay of further litigation

strongly supports the reasonableness and adequacy of the $125,000 settlement amount established pursuant to the Settlement Agreement.

3. The Settlement is **HEREBY APPROVED** in its entirety.

4. The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in Plaintiffs' Motion for Final Settlement Approval.

5. Pursuant to the Settlement Agreement, the Court approves the requested incentive award of $10,000 to be split equally among the Named Plaintiffs, Christopher Slaght, Jeffery Megie, Jr., and Steven Smith.

6. Class Counsel's requested fees and hourly rates are reasonable and their request for attorneys' fees in the amount of $41,666.67 and litigation expenses and costs an amount not to exceed $10,000.72 (with any unused portion of this cost amount to be split pro-rata between the Class Members) is hereby granted.

7. As provided in the Settlement Agreement, all Settlement Class Members who did not opt out of the Settlement have released all claims as stated in the Settlement Agreement.

8. As provided in the Settlement Agreement, Named Plaintiffs, as well as all Settlement Class Members who do not opt out release their claims under the Fair Labor Standards Act.

9. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement.

10. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764